UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN THOMAS DRICS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:14-cv-01192-SEB-MJD |
| TERRENCE P. DUFFY, LIONHART ADVISORS GROUP, LTD., PHOTON GLOBAL LTD., STARBRITE CAPITAL, INC., ARROW INVESTMENT MANAGEMENT INC., BOREALIS MANAGEMENT LIMITED, CALEDONIAN GLOBAL FINANCIAL SERVICES, INC., | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO SEAL**

This matter comes before the Court on Defendant's Unopposed Motion to Seal Exhibits. [Dkt. 33.] For the following reasons, the Court the **GRANTS** the motion.

**I.     Background**

John Drics ("Plaintiff") sued Terence P. Duffy ("Duffy"), Lionhart Advisors Group Ltd. ("Lionhart"), Photon Global Ltd. ("Photon"), Starbrite Capital Ltd. ("Starbrite"), Arrow Investment Management Inc. ("Arrow"), Borealis Management Ltd. ("Borealis"), and Caledonian Global Financial Services Inc. ("Caledonian") (collectively "Defendants"), alleging fraud, conversion, breach of contract, and amount due on account. [Dkt. 1-1.]

1

Plaintiff claims Defendants employed him as legal counsel from 1997 to 2012, [*id.* ¶¶ 11-18], and owed him over $900,000 at the time his relationship with them ended. [*Id.* ¶¶ 20-23.] He specifically claims he acted "as personal legal advisor to Duffy" and as "U.S. General Counsel" for Lionhart, Starbrite, Arrow, Borealis, and Photon. [*Id.* ¶ 12.]

Defendants moved for a protective order on September 29, 2014, [Dkt. 26], and Plaintiff filed a response in opposition on October 1, 2014. [Dkt. 30.] With this response, Plaintiff submitted Exhibits A-2 [Dkt. 30-3] and A-3. [Dkt. 30-4.] Defendants now move the Court to seal these exhibits. [Dkt. 33.]

## II.     Discussion

Rule 26 contemplates filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548.

"Good cause may exist to seal" documents if they are "covered by the attorney-client privilege." *Johnson v. UHS Midwest Ctr. for Youth & Families, LLC*, No. 2:13-CV-149-JTM-

PRC, 2014 WL 4228114, at *1 (N.D. Ind. Aug. 20, 2014) (citing *Baxter*, 297 F.3d at 546.). "Documents are covered by the attorney-client privilege when they contain communications that have been made in confidence between a lawyer and a client or the client's representative, in connection with the provision of legal services." *Id.*

Defendants in this case argue that good cause exits for sealing Exhibits A-2 [Dkt. 30-3] and A-3 [Dkt 30-4] because they contain information protected by the attorney-client privilege. [Dkt. 40 at 1.] The documents at issue were attached as exhibits to the Second Declaration of John Thomas Drics. [Dkt. 30-1.] In the declaration, Plaintiff Drics states that in the course of "performing the legal service requested of me by Terence P. Duffy ('Duffy')," he exchanged emails with Duffy and other Defendants, [Dkt. 30-1 ¶ 4], including those emails in Exhibits A-2 and A-3. [*Id.* at 2.]

Defendants state that the emails in Exhibit A-2 include "specific requests and questions directed to Plaintiff," who at the time was "acting as counsel for Defendants." [Dkt. 40 at 3.] Defendants also state that the emails in Exhibit A-3 reflect "legal services provided by Plaintiff-counsel and a request for legal advice of Plaintiff-counsel." [Dkt. 40 at 4.] Based on these representations, the Court accepts that the emails contain communications "made in confidence between a lawyer and a client or the client's representative, in connection with the provision of legal services." *Johnson*, 2014 WL 4228114, at *1. Hence, the documents appear to be privileged, such that good cause exists for sealing them. The Court will therefore **GRANT** Defendants' motion.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Defendant's Unopposed Motion to Seal Exhibits. [Dkt. 33.] The Clerk is directed to seal Exhibits A-2 and A-3 to Plaintiff's Response in Opposition to Motion for Protective Order. [Dkts. 30-3 & 30-4.]

Date: 10/16/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Braden James Tilghman
DECHERT LLP
braden.tilghman@dechert.com

Erik William Snapp
DECHERT LLP
erik.snapp@dechert.com

John Thomas Drics
DRICS & ASSOCIATES
john.drics@drics-law.com